UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| BUDDY STEVE DANIEL, | ) |
| | ) |
| *Plaintiff,* | ) |
| v. | ) No.   1:07-cv-16 |
| | ) *Collier/Carter* |
| CLYDE DUDLEY RIDGE, | ) |
| | ) |
| *Defendant*. | ) |

## MEMORANDUM

Buddy Steve Daniel ("Daniel" or "plaintiff") a prisoner at the Federal Correctional Institution, in Ashland, Kentucky, has filed, *pro se*, a civil rights complaint pursuant to 42 U.S.C. § 1983 (Court File No. 1). Plaintiff seeks declaratory relief, a written apology, $20,000,000.00 in compensatory damages, and any additional relief to which he is entitled from defendant. However, no service shall issue and this complaint (Court File No. 1) will be **DISMISSED** *sua sponte*.

**I.      Application To Proceed In Forma Pauperis**

It appears from the application to proceed in forma pauperis submitted by Daniel, that he lacks sufficient financial resources at the present time to pay the required filing fee of $350.00. Daniel, is not relieved of the ultimate responsibility of paying the $350.00 filing fee. Since Daniel is an inmate or prisoner in custody at the Federal Correctional Institution, in Ashland, Kentucky, he will be **ASSESSED** the civil filing fee of $350.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915. Daniel shall pay the full filing fee of three-hundred and fifty dollars ($350.00) pursuant to Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Daniel's inmate trust account

at the institution where he now resides shall submit to the Clerk, United States District Court, Post Office Box 591, Chattanooga, Tennessee 37401-0591, as an initial partial payment, whichever is the greater of

      (a)    twenty percent (20%) of the average monthly deposits to Daniel's inmate trust account; or

      (b)    twenty percent (20%) of the average monthly balance in Daniel's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Daniel's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court will be **DIRECTED** to send a copy of this memorandum and order to the Warden at the Federal Correctional Institution, in Ashland, Kentucky, the Custodian of Records at the Federal Correctional Institution, in Ashland, Kentucky, and the Commissioner of the Bureau of Prisons to ensure the custodian of Daniel's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of the plaintiff shall collect the filing fee as funds become available. This order shall become a part of the inmate's file and follow the inmate if he is transferred to another institution. The agency having custody of Daniel shall continue to collect monthly payments from Daniel's prisoner account until the entire filing fee of $350.00 is paid.

The plaintiff will also be **ORDERED** to notify this Court of his change of address if he is transferred to another institution, and to provide the prison officials at any new institution with a copy of this order. Failure of the plaintiff to notify this Court of an address change and/or the new

prison officials of this order and outstanding debt, will result in the imposition of appropriate sanctions against plaintiff without any additional notice or hearing by the Court.

## II. Standard of Review

*Pro se* pleadings filed in civil rights cases are liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, *pro se* status does not exempt the plaintiff from the requirement that he comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6)-failure to state a claim upon which relief may be granted); *LRL Properties*, 55 F.3d at 1103-04; *Allard v. Weitzman* (In re DeLorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools*, 960 F. Supp. 1259, 1268 (W.D. Mich. 1997). The complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard*, 76 F.3d at 726; *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Lillard*, 76 F.3d at

3

726 (citations omitted).

The Court screens the complaint pursuant to 28 U.S.C. § 1915A and § 1915(e). Furthermore, 28 U.S.C. § 1915(e)(2) provides the Court must dismiss a case at any time if the Court determines it is frivolous or fails to state a claim upon which relief can be granted.

### III. Screening Pursuant To 28 U.S.C. §§ 1915A and 1915(e)

> When screening a prisoner complaint, a district court must examine both § 1915(e)(2) and § 1915A. If the civil action seeks redress from a governmental entity, officer, or employee, the district court must dismiss the complaint, or any portion of the complaint, which (a) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (b) seeks monetary relief from a defendant who is immune from monetary relief. 28 U.S.C. § 1915A. Should the complaint contain any allegations that do not fall within § 1915A, the district court must then examine the complaint under § 1915(e)(2). The requirements of §1915(e)(2) overlap the criteria of § 1915A. Section 1915A is restricted to prisoners who sue government entities, officers, or employees. In contrast, § 1915(e)(2) is restricted neither to actions brought by prisoners, nor to cases involving government defendants. Further, § 1915A is applicable at the initial stage of the litigation, while § 1915(e)(2) is applicable throughout the entire litigation process. A case that may not initially appear to meet § 1915(e)(2) may be dismissed at a future date should it become apparent that the case satisfies this section. Thus, in prisoner cases, the district court must first examine a complaint under § 1915A and then review the complaint under § 1915(e)(2) before the case can proceed in due course. A district court is required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel as the statute does not differentiate between various civil actions brought by prisoners. The dismissal of a complaint under §1915(e)(2) or § 1915A does not negate a prisoner's obligation to pay the filing fee in accordance with § 1915(b)(1)-(2). *See In re Tyler*, 110 F.3d at 529-30. We make it explicit: a court's responsibility under the Prison Litigation Act is to first examine the financial status of a prisoner and make the assessment of fees. After the fees have been assessed, the merits of a complaint or appeal may be reviewed. Our mandate, however, does not prevent a district court from making the fee assessment and conducting the screening process in the same opinion or order.

*McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

### IV. Facts

Plaintiff filed this complaint alleging Clyde Dudley Ridge ("Ridge" or "defendant") devised a scheme to implicate plaintiff in an ongoing conspiracy resulting in plaintiff's federal conviction. Daniel complains Dudley violated his civil rights when he committed perjury during his federal grand jury testimony and when he tampered with a defense witness during plaintiff's criminal trial. In sum, plaintiff contends defendant was the leader of the conspiracy and he committed acts of perjury, witness tampering, and conspiracy to falsely make claims against plaintiff which resulted in plaintiff's conviction and imprisonment.

**V.     42 U.S.C. § 1983 Claim**

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States by a person acting under color of law, without due process of law. *Flagg Brothers Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Chatman v. Slagle*, 107 F.3d 380, 384 (6th Cir. 1997); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991), *cert. denied*, 502 U.S. 1032 (1992). To state a § 1983 claim, Daniel must allege sufficient facts that, if true, would establish defendant Ridge deprived him of a right secured by the Constitution of the United States while he acted under color of law. *See Brock*, 94 F.3d at 244. Absent either element, a claim will not be stated.

Daniel brings suit against defendant, a person who apparently testified against him during his federal criminal trial. Daniel has failed to allege the deprivation was caused under color of state law and there is nothing in the record to remotely indicate defendant was a state actor. Therefore, Daniel has failed to state a viable § 1983 claim.

Title 42, U.S.C. § 1983 is not applicable because, according to the record before the Court,

defendant held no public position and thus could not be acting under "color of law." *See Boles v. Haston*, 831 F.2d 293 (6th Cir. Oct. 5, 1987)(unpublished), *available in* 1987 WL 44466 *1. There is no evidence defendant was a state actor "under color of law" within the meaning of 42 U.S.C. § 1983. *Polk County v. Dodson*, 454 U.S. 312, 317 (1981) ("In *United States v. Classic*, 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941), this Court held that a person acts under color of state law only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law'"). Individual conduct does not constitute state action and nothing in the record indicates Defendant, a private party, was a state actor or that his actions are fairly attributable to the state. *See Flint ex rel. Flint v. Kentucky Dept. of Corrections*, 270 F.3d 340, 351 (6th Cir. 2001). Therefore, Daniel has failed to allege a cognizable claim under 42 U.S.C. § 1983.

Accordingly, the Court finds Daniel has failed to set forth any claims or facts that would entitle him to relief under 42 U.S.C. § 1983. Daniel's complaint will be **DISMISSED** *sua sponte* as frivolous and for failure to state a claim on which relief may be granted under 42 U.S.C. § 1983. 28 U.S.C. §1915(e)(2)(B)(I)(ii).

An judgment order will enter **DISMISSING** the plaintiff's complaint in its entirety.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**